**Susan PIERCE**

v.

**NORTHEAST BANK OF WESTBROOK.**

Supreme Judicial Court of Maine.

Jan. 25, 1978.

Calkins & Wuesthoff by Hugh Calkins, Portland (orally), for plaintiff.

Roger P. Welch, Westbrook (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Plaintiff Susan Pierce has appealed from a judgment in favor of defendant Northeast Bank of Westbrook entered in the Superior Court (Cumberland County) on September 21, 1976. The entry was pursuant to an order of the presiding Justice granting defendant's motion for summary judgment in its favor and directing entry of judgment accordingly.

We sustain plaintiff's appeal.

The pleadings establish that the following facts are undisputed. In July, 1971, plaintiff borrowed from defendant the sum of $15,000.00. As security for the loan plaintiff pledged shares she owned in a mutual fund and mortgaged to defendant certain of her real estate. After the loan was in default, defendant bank, in August of 1972, sold the mutual fund shares and applied the proceeds of the sale to plaintiff's loan account. A deficiency remained. Subsequently, on or about August 31, 1972, defendant bank initiated proceedings to foreclose the real estate mortgage, in accordance with 14 M.R.S.A. §§ 6203, 6204.[1]

---

1. Section 6203 and Section 6204 in pertinent part provide:

"§ 6203. Foreclosure without possession

"If, after breach of the condition, the mortgagee . . . is not desirous of taking and holding possession of the premises, he may proceed for the purpose of foreclosure in either of the following modes:

"1. Public notice. He may give public notice in a newspaper . . . of his claim by mortgage on such real estate, . . .; and cause a copy of such printed notice, . . . to be recorded in each registry in which the mortgage deed is or by law ought to be recorded, . . . .

"2. Service of notice. He may cause an attested copy of such notice to be served on the mortgagor . . . by the sheriff of the county where the mortgagor . . . resides, . . . by delivering it to him in hand or leaving it at

On October 25, 1973 defendant bank sold the real estate covered by the mortgage plaintiff had given. Defendant disposed of the proceeds of this sale by applying them first to the balance of plaintiff's loan and to the loan account of a third party and thereafter paying over to plaintiff the balance of the proceeds remaining, an amount of $1,161.70.

On January 21, 1976 plaintiff instituted the instant civil action in which plaintiff seeks an accounting from defendant bank of the "surplus proceeds from the sale of plaintiff's real property and mutual fund shares retained by the bank . . .", including, in particular, the amount used to pay off a debt owed by a third party as to which "plaintiff was neither principal nor surety." Plaintiff also claims punitive damages and costs.

After the pleadings had been completed defendant bank filed the motion asking that summary judgment be granted in its favor. On September 21, 1976 the presiding Justice granted defendant's motion, and directed entry of summary judgment in favor of defendant.

It was error for the presiding Justice to order such summary judgment because the above-stated facts disclose the need of an evidentiary hearing concerning additional factual issues projected by the pleadings which are material to the outcome of the case.

In Paragraph 7 of her complaint plaintiff alleged:

"After Plaintiff's entire obligation to Defendant was paid from the proceeds of the sale [of real estate], the surplus was used to pay off a . . . [$3,734.28] loan of a third party on which Plaintiff was neither principal nor surety (the cancelled note from which was sent to Miss Pierce), and . . . [$1,161.70] was sent to Miss Pierce."

his last and usual place of abode; and cause the original notice and the sheriff's return thereon to be recorded within 30 days after such service. . . . ."
"§ 6204. ——Redemption in one year

Defendant's answer admitted these allegations, except that defendant denied the accuracy of the alleged amount of the loan to the third party—defendant claiming it to be $2,074.60 rather than the $3,734.28 amount alleged by plaintiff.

In this posture there is an ambiguity in plaintiff's claim which produces an ambiguity concerning the scope of the admission intended by defendant's answer to Paragraph 7 of the complaint.

■ The ambiguity in the allegations of Paragraph 7 of the complaint arises because Paragraph 7 refers to a "sale" by defendant bank of the real estate mortgaged to it by plaintiff. Had the bank effectively completed its foreclosure by virtue of the expiration of one year without redemption of the mortgaged property, under the strict foreclosure law of Maine which was then in effect defendant bank would have acquired title to the real estate; any subsequent sale would be a sale of property which had become absolutely owned by the bank. *Martel v. Bearce,* Me., 311 A.2d 540 (1973); *Smith v. Varney,* Me., 309 A.2d 229 (1973). Yet, if such was the actual situation the plaintiff was purporting to describe in Paragraph 7, it was not appropriate for plaintiff to allege, as plaintiff did allege in Paragraph 7, that there was a "surplus" remaining after plaintiff's "entire obligation . . . was paid from the proceeds of the sale." Had defendant bank effected a strict foreclosure, there was no need of a sale to produce "proceeds" to be applied in payment of plaintiff's indebtedness; hence, there would be no "surplus" for which the bank would be obliged to account to plaintiff. See: *City of Auburn v. Mandarelli,* Me., 320 A.2d 22 (1974).

■ Thus, in their combined import Paragraphs 5, 6 and 7 of plaintiff's complaint are susceptible of a reasonable interpretation that plaintiff was alleging that

"The mortgagor or person claiming under him may redeem the mortgaged premises within one year after the first publication or the service of the notice mentioned in section 6203, and if not so redeemed, his right of redemption is forever foreclosed."

defendant bank had in this case "waived" a strict foreclosure and elected to deem itself subject to a responsibility to account to plaintiff for the proceeds of a sale of real estate title to which defendant bank regarded as remaining in the plaintiff-mortgagor.

It is not apparent, however, that defendant bank construed the ambiguous allegation of plaintiff's complaint in this manner, thus to be intending by its answer to Paragraph 7 of the complaint to admit a "waiver" of a strict foreclosure rather than that the bank had sold property which had become its own by virtue of strict foreclosure.

These ambiguities in the pleadings preclude summary judgment; they precipitate genuine and material issues of fact which can be resolved only after an evidentiary hearing.

The entry is:

*Appeal sustained;[2] judgment set aside; remanded to the Superior Court for further proceedings consistent with the opinion herein.*

POMEROY, ARCHIBALD, GODFREY, NICHOLS, JJ., and DUFRESNE, A.R.J., concurring.

DELAHANTY, J., did not sit.

DUFRESNE, A.R.J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

2. Plaintiff has also contended that even on the assumption that the above-discussed "waiver" issue raised by the pleadings may be factually resolved against plaintiff, defendant bank nevertheless here owed a duty to plaintiff, existing as a matter of law, to avoid a disposition causing a forfeiture to defendant of both the personal property and real estate given as security in connection with an essentially single loan transaction.

We presently intimate no opinion on this question, noting only that 11 M.R.S.A. § 9–501(4), dealing with a "security agreement [which] covers both real and personal property", may have bearing on it.